UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SASHA SLOAN                                                                                    Plaintiff

v.                                                                        Civil Action No. 3:25-cv-275-RGJ

LOUISVILLE-JEFFERSON COUNTY                                                        Defendants
METRO GOVERNMENT, ET AL.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Louisville-Jefferson County Metro Government ("LJCMG"), Lieutenant Colonel Jerry Collins ("Collins"), and Officer Robert "Bobby" Dukes' ("Dukes") (collectively, "moving Defendants") motion for a more definite statement. [DE 6]. Plaintiff Sasha Sloan ("Sloan") responded [DE 7], and moving Defendants did not reply. Briefing is complete and the matter is ripe. For the reasons set forth below, the Court **DENIES** Defendants' motion for a more definite statement. [DE 6].

**I.     BACKGROUND**

On April 22, 2025, Sloan filed her original complaint in the Jefferson Circuit Court. [DE 7-1 at 383; DE 7-2]. The next day—April 23, 2025—she filed an amended complaint as a matter of course under Kentucky Rule of Civil Procedure 15.01. [DE 1-1 at 163; DE 7-3]. The amended complaint alleges that Sloan is HIV positive and was denied necessary medical care while in custody at the Louisville Metro Department of Corrections ("LMDC"), causing her health to deteriorate. [DE 1-1 at 302-18]. From those allegations, she asserts claims against seven defendants involved in LMDC, including the moving Defendants. [DE 1-1 at 8]. She states the following causes of action: a 42 U.S.C. § 1983 (hereinafter "§ 1983") *Monell* claim against LJCMG (Count I); a § 1983 violation for deliberate indifference under the Eighth and Fourteenth

1

Amendments against Dukes and Collins (Count II); a § 1983 violation for failure to train and supervise against LJCMG and Collins (Count III); common law negligent supervision and training under Kentucky state law against Collins (Count IV); common law negligence Under Kentucky state law against Collins and Duke (Count V); a § 1983 violation under the Fourteenth Amendment Due Process Clause against all Defendants for denying her HIV medication (Count VI); a § 1983 violation under the Eighth Amendment against all Defendants for denying her HIV medication (Count VII); a § 1983 violation under the Eighth Amendment against Dukes specifically for "punish[ing] [Sloan] for being a carrier of the virus that causes AIDS" (Count VIII); a § 1983 violation under the Fourteenth Amendment Equal Protection Clause against Dukes for treating Sloan differently than other inmates (Count IX); a § 1983 violation under the Fourteenth Amendment Due Process Clause against Dukes (Count X); a § 1983 violation under the Eighth Amendment against Dukes, Collins, and LJCMG for "unwarranted disclosure of her HIV status to the other inmates" (Count XI); a § 1983 violation under the Eighth Amendment against Dukes for cruel and unusual punishment (Count XII); and a § 1983 violation under the Fourteenth Amendment Due Process Clause against Dukes for violating her right to privacy (Count XIII). [DE 1-1 at 31–43].

On May 14, 2025, the moving Defendants removed this case to federal court. [DE 1]. Shortly thereafter, they filed a motion for a more definite statement, arguing that Sloan filed a second amended complaint on April 25, 2025 in Jefferson Circuit without leave from the court or consent from the Defendants, which is required by the Kentucky Rules of Civil Procedure. [DE 6 at 368–69]. The moving Defendants claim that it is unclear "which of the two amended complaints functions as the operative pleading" and therefore they cannot prepare a response to the complaint. [*Id.* at 369]. Sloan responds that she did not file a second amended complaint, but rather that a

2

copy of the same amended complaint "was entered in the . . . state court's record on April 25, 2025." [DE 7 at 373]. Accordingly, she maintains that there is no need for a more definite statement because there should be no confusion as to what the operative pleading is.

## II.     STANDARD

Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). This rule "must be read in conjunction with Rule 8 which sets forth the general rules of pleading in federal civil actions." *Metro. Prop. & Cas. Ins. Co. v. Bolin*, No. 17-135-HRW, 2018 WL 11446052, *1 (E.D. Ky. Mar. 8, 2018) (citing *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993)). Rule 8, in turn, requires only "notice pleading," or more specifically, a "short and plain statement of the claim showing that the pleader is entitled to relief." *Brown v. Wormuth,* 2022 WL 4449331, at *9 (W.D. Ky. Sept. 23, 2022) (citing *Leatherman*, 507 U.S. at 168; Fed. R. Civ. P. 8(a)(2)). "Thus, to satisfy the pleading requirements a claimant need only give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005)).

"[A] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail. . . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Midgett v. KSP Head Chaplain*, No. 5:11-CV-P132-R, 2012 WL 4098991, at *4 (W.D. Ky. Sept. 17, 2012) (alterations in original) (citing *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007)) (internal quotation marks omitted); *see also Cleveland v. Louisville Metro Gov't*, No. 3:16-CV-00588-CRS, 2017 WL 1437962, at *4 (W.D. Ky. Apr. 21, 2017). "Federal courts

generally disfavor motions for more definite statements[, and i]n view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions." *Id.* (alteration in original). As such, a "Rule 12(e) motion based [only] on the belief that a better affirmative pleading by the opposing party will enable [the movant] to provide a more enlightening or accurate response will be denied." *Thorpe v. Wal-Mart Stores, Inc.*, No. 5:16CV1247, 2016 WL 4098426, at *1 (N.D. Ohio Aug. 2, 2016) (alterations in original) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1377 (3d ed.)); *Metro. Prop. & Cas. Ins. Co.*, 2018 WL 11446052, at *1 (explaining that such motions "'must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail'") (quoting *Schwable v. Coates,* No. 3:05-CV-7210, 2005 WL 2002360, at *1 (N.D. Ohio 2005)).

### III.    DISCUSSION

Moving Defendants' sole argument in favor of their motion for a more definite pleading is that "it is unclear which amended complaint produced by the plaintiff functions as the operative pleading." [DE 6 at 369]. They do not, for example, argue that the amended complaint fails to give them fair notice of what Sloan's claims are or the grounds upon which they rest. Sloan points out that there was only one amended pleading filed in state court, and the "second amended complaint" the moving Defendants refer to is in fact just a copy of the amended complaint. That is, there is no substantive difference between the two documents.

The exhibits filed by Sloan confirm this. The Jefferson Circuit Court docket labels both the April 23 amended complaint and the April 25 amended complaint as "1st." [DE 7-1 at 386]. Moreover, the April 23 and April 25 documents are substantively identical. [*See* DE 7-3; DE 7-4]. They are both titled "amended complaint," and they assert the exact same factual allegations and

causes of action. Thus, the operative complaint is the amended complaint filed on April 23, 2025. The document dated April 25, 2025 does not muddy Sloan's claims or the grounds upon which they rest because the document is an exact duplicate of the April 23 document.[1] Moreover, the amended complaint clearly states the causes of action and the factual basis for those claims. The amended complaint is therefore not so vague or ambiguous that the moving Defendants would have trouble filing a responsive pleading to it. *See Metro. Prop. & Cas. Ins. Co.*, 2018 WL 11446052, at *1. The moving Defendants do not point to any differences between the April 23 and April 25 documents that make it impossible for them to prepare a response. It is clear from viewing both documents that the April 25 document is not a second amended complaint, but simply the first amended complaint re-filed. A responsive pleading to either document would be substantively the same. Accordingly, and given the general policy of disfavoring motions for more definite statements, the Court will deny moving Defendants' motion for a more definite statement.

### IV.     CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendants' motion for a more definite statement. Defendants shall have **14 days** to respond to Sloan's amended complaint.

Rebecca Grady Jennings, District Judge
United States District Court

February 2, 2026

---

[1] The Court does not know why two of the exact same amended complaint were filed in the Jefferson Circuit Court docket, but that question is irrelevant for purposes of Defendants' motion for a more definite statement. Because Sloan never filed a "second amended complaint" and the substance of both documents is the same, Defendants can reasonably respond to the amended complaint.

5